**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4747**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SEBASTIAN VARGAS-FRAGOSO, a/k/a Se Bass,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00304-D-5)

_____

Submitted:  June 12, 2025                           Decided:  June 16, 2025

_____

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Katherine Simpson Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sebastian Vargas-Fragoso pleaded guilty, pursuant to a written plea agreement, to distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  The district court sentenced him to 240 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the court erred by applying a two-level Sentencing Guidelines enhancement in calculating Vargas-Fragoso's sentence.  Although notified of his right to do so, Vargas-Fragoso has not filed a pro se supplemental brief.  The Government moves to dismiss Vargas-Fragoso's appeal as barred by the appeal waiver in his plea agreement.  We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable," and we "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id.*  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).  Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Vargas-Fragoso knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions

2

not applicable here. We therefore conclude that the waiver is valid and enforceable. Furthermore, the sentencing issue raised in the *Anders* brief falls squarely within the waiver's scope.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Vargas-Fragoso's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We affirm the district court's judgment as to any issue not encompassed by the waiver.

This court requires that counsel inform Vargas-Fragoso, in writing, of the right to petition the Supreme Court of the United States for further review. If Vargas-Fragoso requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vargas-Fragoso. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3